[No. 2464.]

THE PEOPLE FOR THE USE OF THE TOWN OF MANITOU
v. CROOT.

1. **Cities and Towns—Violation of Ordinance—Nonsuit.**

In an action by a town against a party for violating an ordinance, where there was sufficient evidence from which the jury could reasonably conclude that the ordinance had been violated by defendant, it was error for the court to enter a judgment of nonsuit.

2. **Cities and Towns—Ordinance—Constitutional Law.**

A town ordinance providing in substance that if the keeper of any public place or resort shall refuse admission of the town marshal thereto, it shall be lawful for the marshal to enter, and that any person resisting such entrance shall be fined, is not unconstitutional.

*Error to the County Court of El Paso County.*

Mr. John W. Kriger, for plaintiff in error.

Mr. W. K. Brown and Mr. O. F. Grimes, for defendant in error.

Gunter, J.

An ordinance of the town of Manitou provided in substance that if the keeper of any place of public resort therein should refuse the town marshal admission to the same it would be lawful for him to enter, and that any person resisting such entrance should be fined within specified limits. Appellee was proceeded against under this ordinance for resisting the marshal in his attempt to effect an entrance into a place of public resort. The case was tried to a jury and at the close of the evidence in behalf of appellant the court *sua sponte* entered a judgment of nonsuit assigning as reason therefor "no evidence has been introduced showing a violation of the rights of the officer and therefore no offense has been committed." The evidence adduced in behalf of appellant was such that a jury could reasonably conclude therefrom the

existence of the ordinance involved, that appellee had violated the same in resisting by force the marshal's entrance into a place of public resort where he had reasonable grounds for believing that a law was being violated by the sale of spirituous liquors on the sabbath day.

Appellee has not pointed out, and we fail to see wherein the evidence was insufficient. It is said by appellee that the ordinance involved is unconstitutional. Here again we have no aid from appellee as he does not point out wherein the ordinance is so defective. We do not see wherein it is subject to this objection.

The judgment is reversed.

*Reversed.*